22580

Herbert BARBER, Respondent v. Nancy L. BARBER, Appellant.
(346 S. E. (2d) 21)

Supreme Court

*Francis T. Draine,* of *Draine & McLaren,* Columbia, *for appellant.*

*Herbert Barber, pro se.*

Submitted March 26, 1986.

Decided June 23, 1986.

CHANDLER, Justice:

Herbert Barber (Husband) and Nancy L. Barber (Wife) were divorced in December, 1983. This case involves the respective interests in a liquor business equitably divided in a prior decree. We reverse and remand to the Family Court.

## FACTS

By a previous decree dated January 12, 1983, the Court ordered that the parties' liquor business in Richland County be sold and the proceeds be divided equally between them.

In October, 1983, the Court appointed Carolina Business Investment (CBI) as selling agent to secure a buyer for the business. CBI was ordered to sell the business "as soon as possible at a fair market value or as close thereto."

CBI was unable to find a buyer. Husband brought this action to recover one-half the fair market value of the business as of January 12, 1983, the date of the equitable distribution order.

From the time of their separation, and including the period in which CBI attempted to find a buyer, Wife operated the business without assistance from Husband. In her testimony she characterized efforts to manage the liquor store as "throwing good money after bad." She ultimately had to liquidate the business which, after payment of creditors, had a zero value.

In its final order of July 24, 1984, the Court concluded:

> ... [Husband] is entitled to a reasonable value for his interest in the store as of the date I ordered the store sold, in that [Wife] did not act in good faith, did not wisely manage the business, or in some other manner failed to maintain [Husband's] value in the business.

The court determined that Husband's one-half interest in the store as of January 12, 1983, was $13,276.25, and ordered judgment against Wife in that amount.

## ISSUE

While Wife cites numerous exceptions, the single issue we address is whether Husband was entitled to a judgment of $13,276.25.

## DECISION

The payment to Husband anticipated in the Court's order of January 12, 1983, was premised and contingent upon a successful sale of the liquor business. Despite the best efforts of both the Wife and of CBI, a sale could not be negotiated.

Husband has not met his burden of proof to establish the breach by Wife of any duty owed to him. Indeed, the evidence of record is to the contrary.

The Court awarded $13,276.25 to Husband on the grounds that Wife "did not act in good faith, did not wisely manage the business, or in some manner failed to maintain [Husband's] value in the business." These constitute conclusions only. They are not findings as required by Family Court Rule 27(C). Moreover, such findings would be unsupported by the record. To the contrary it is clear that Wife was diligent in her efforts to preserve the business.

Indeed, Husband, while offering no explanation for its failure, absolved Wife of responsibility:

Q. Do you know why that happened?
A. Why the store went down the tubes?
Q. Right.
A. No, I don't know why.
Q. Then why did you bring this lawsuit here declaring that she had mismanaged it if you don't know why the business went down?
A. I didn't say she mismanaged it ... I am not making any accusations about her ... how she manipulated or how she used the store.

## CONCLUSION

The protracted litigation has extended for a period of over four years, during which the Court has issued four orders of considerable detail. It should be ended.

Husband has failed to prove that Wife acted in bad faith, unwisely managed the business or in some other way failed to maintain Husband's value in the business.

Accordingly, that portion of the Family Court order of July 24, 1984, granting judgment to Husband in the amount of $13,276.25 is reversed and the case remanded.

Reversed and remanded.

NESS, C. J., and GREGORY and FINNEY, JJ., concur.

HARWELL, J., not participating.